## Chewning, Administrator, Appellant, *v.* Peck and Wife.

The report of the commissioners of an insolvent's estate for the allowance and settlement of claims, must be excepted to at the term of the probate court to which it is returned.

APPEAL from the probate court of Warren county.

Harrison and Holt, for appellants.

French and Burwell, contra.

Mr. Justice TURNER delivered the opinion of the court.

On the death of T. D. Downs, the probate court of Warren county granted letters of administration to Lucy Downs and Isaac Caldwell, in August, 1833. The estate being represented insolvent, commissioners were appointed to audit the claims against the deceased, at March term, 1834, and were to report in six months. The report being made in the same year, no further proceedings appear in the transcript of the record sent up, until the October term, 1836, when Lucy Downs presented her final account as administratrix, and surrendered her letters of administration, which account was examined, allowed, and ordered to be recorded, whereupon J. J. Chewning was then and there appointed administrator de bonis non of said estate. At the December term, 1840, this administrator petitioned the court to appoint a special board of commissioners, and to refer the accounts which had been allowed by the commissioners of insolvency, in favor of Claiborne Steele, of A. Glass, and of Abijah Downs, to such referees, stating that he was dissatisfied with those accounts, and thought them unjust; and after hearing the parties, the court overruled the motion, and the plaintiff appealed to this court.

The record is very imperfect; but it appears from the answers of Steele, and Peck and wife, that the report of the commissioners had been made in 1834, that the claims of these defendants were allowed, and remained without exception being taken thereto until December term, 1840; that the court had ordered distribution to be made of the estate, previous to the application of the plaintiff for a reference, and that those creditors had not been notified of any exception to their respective claims, until cited to appear at the December term, 1840.

The only question presented for our consideration is, whether the application for the reference of those accounts was properly rejected.

We think that on the return of the report of the commissioners of insolvency, if any party is dissatisfied, he should, at the first term of the court, make known to the court his objections, by way of exception to the report, and call on the court for a reference, in pursuance of the 103d section of the probate court law, Rev. Code, p. 58; which section requires that the report of the referees shall be made to the *next* term, for approval, and when so made and approved, it shall be final.

The appellant's counsel suggests, that the executor or administrator of an insolvent estate, has no opportunity of contesting the validity of claims before the commissioners of insolvency. We do not think so. In the first place, the claims against the estate are presented to the executor or administrator, by which means he has notice and may proceed to inquire into their validity. In the second place, the commissioners are appointed on their application and representation that the estate is insolvent, and generally in practice I believe, the administrator selects the persons to be appointed commissioners, or recommends them to the court. Then the time and place of the meeting of the commissioners is advertised, and all parties interested can attend and be heard, and on the return of the commissioners' report, it is the especial duty of both parties, administrator and claimant, to attend and assert their rights, without unnecessary delay; and either party, on cause shown, can have a special reference of any particular claim which has been rejected or allowed. It is proper that this reference should take place at the return term of the report, in order that the settlement of the

estate may be brought to a close, and that the distributees may receive their dividends without delay.

At the time of the return of the report in this case, there were administrators; and for years after, before the change took place and the present plaintiff was appointed, and for some years after his appointment, he took no exception to these claims.

The consequences might be ruinous, there would be *no end to* litigation, if these delays are allowed. Such delay can certainly meet with no favor from a court of justice. It is not pretended, I believe, that the administrator founds his petition for a reference on newly discovered evidence; and if he did, this is not the tribunal to which to apply. It may be that the former administrators knew those claims to be just. Most certainly, if they believed them otherwise it was their duty to contest them before the commissioners of insolvency, or before referees to be subsequently appointed at their instance and for that purpose.

Judgment affirmed.